UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                 Case No. 3:19-cr-531

    Plaintiff,

  v.                                                                           MEMORANDUM OPINION
                           AND ORDER

Bryan Mays,

    Defendant.

## I.  INTRODUCTION AND BACKGROUND

On August 20, 2019, Defendant Bryan Mays was charged by criminal complaint with drug trafficking that resulted in death.  (Doc. No. 1).  A grand jury subsequently charged Mays by indictment with one count of distributing a controlled substance containing fentanyl, acetyl fentanyl, and Tramadol, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  (Doc. No. 9).  The indictment also contained an enhanced penalty provision, alleging Mays sold drugs which caused a fatal overdose.  (*Id.* at 1-2).

 Mays has filed a motion to dismiss the death specification, arguing it violates his right to due process under the Fifth Amendment and his right to fair notice of the charge against him under the Sixth Amendment.  (Doc. No. 29). Alternatively, he moves for a bill of particulars, (*id.* at 2), to prohibit the government from offering evidence or argument concerning the overdose death at trial, (Doc. No. 31 at 2-3), or for an early Jencks Act disclosure of grand jury testimony.  (*Id.* at 3).

The government argues the motion to dismiss is premature, because it focuses on the sufficiency of what evidence might be presented at trial, and that Mays fails to show a bill of particulars would be appropriate, because the indictment provides sufficient notice of the nature of the charges against him and the government has provided discovery in excess of the information which would be contained in a bill of particulars. (Doc. No. 30).

I conclude a hearing is not necessary and deny Mays' motion.

## II.  DISCUSSION

A defendant may file a pretrial motion as to any matter a "court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The gist of Mays' procedural requests arises from what he describes as "an essential unexplained inconsistency between the Autopsy Toxicology findings, which demonstrate no evidence of Tramadol, and the [Bureau of Criminal Investigations] Toxicology report, which found Tramadol in the drugs found in the paper fold linked to Mays." (Doc. No. 29 at 4). He contends the evidence the government has produced in discovery is inconsistent with the sentencing enhancement and therefore the enhancement specification in the indictment is "fatally defective." (*Id.*).

"An indictment must assert 'facts . . . which, if proved, would establish prima facie the defendant's commission of [the] crime.'" *United States v. Younes*, 194 F. App'x 302, 307 (6th Cir. 2006) (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992)). The indictment in this case does so – it identifies the relevant statute and then alleges an individual identified as C.L. fatally overdosed "on controlled substances, namely fentanyl and acetyl fentanyl which had been distributed by Defendant." (Doc. No. 9 at 1-2).

It is the government's burden to prove that the drugs Mays sold were the but-for cause of the decedent's death. *See, e.g., United States v. Hamm*, 952 F.3d 728, 738 (6th Cir. 2020) (citing *Burrage v. United States*, 571 U.S. 204, 218-19 (2014)). The government must carry that burden at trial,

however, not before.  *United States v. Kelley*, No. 1:08-CR-51, 2008 WL 5517559, at *5 (E.D. Tenn. Oct. 24, 2008) ("Although at the pre-trial stage, the court may review the legal sufficiency of the indictment, it may not . . . review the sufficiency of the proof that will be offered in support of the indictment's allegations or second-guess the grand jury's probable cause findings." (citation and internal quotation marks omitted)).

Mays has not shown that the indictment is deficient on its face and his effort to show the government cannot prove the "death results" enhancement beyond a reasonable doubt is premature. Therefore, I deny his motion to dismiss.

I deny for the same reason Mays' motion in limine to exclude the government's evidence concerning the cause of C.L.'s death.  (Doc. No. 31 at 2-3).  The jury is the factfinder in this case and it is their role, not mine, to "test the government's evidence."  (*Id.* at 3).  If, as Mays alleges, the government has insufficient evidence to demonstrate he sold drugs that were a but-for cause of C.L's death, Mays has appropriate remedies available to him, including motions for a judgment of acquittal under Rule 29 and for a mistrial.

Nor has Mays demonstrated the utility of a bill of particulars.  Mays does not argue that the indictment contains insufficient information for him to know the nature of the charge against him or that a bill of particulars is necessary "to avoid or minimize the danger of surprise at trial."  *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).  Instead, he contends the evidence is insufficient to support the "death results" specification and that a jury would be unfairly prejudiced against him if the government is allowed to argue at trial that Mays sold drugs that resulted in C.L.'s death.  Mays fails to show a bill of particulars would answer either of these arguments and therefore I deny his request for one.

Lastly, I deny his request for an early Jencks Act disclosure of the testimony given by the investigating officers to the grand jury.  (Doc. No. 31 at 3).  "The Jencks Act does not apply to a

motion for pretrial disclosure of a grand jury transcript." *United States v. Short*, 671 F.2d 178, 186 (6th Cir. 1982).  While Mays hypothesizes the officers may not have given the grand jury "an objectively reasonable account of the forensic evidence," (Doc. No. 31 at 3), this theory does not rise to the level required for Mays to demonstrate "a particularized need for disclosure" of the transcripts.  *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979).

### III.  CONCLUSION

For these reasons, I deny Mays' request for a hearing and his motion to dismiss.  (Doc. No. 29).  I deny without prejudice Mays' liminal motion to exclude evidence and argument concerning C.L.'s fatal overdose.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge